UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION



IN RE:
MARK CHRISTOPHER KALEY

Case No. 6:19-bk-00329-CCJ
Chapter 7

Debtor.

---

## MOTION FOR RELIEF FROM JUDGMENT AS TO DEBTOR IN FAVOR OF SECURITIES AND EXCHANGE COMMISSION, OR IN THE ALTERNATIVE TO STAY THIS BANKRUPTCY PROCEEDING

COMES NOW the DEBTOR herein, appearing pro se, for an ORDER declaring that the Debtor be relieved from a Judgment entered on or about April 15, 2013, in favor of the United States Securities and Exchange Commission, by virtue of this Court exercising its equitable powers of relief. In support the Debtor states as follows:

1. On or about January 17, 2019, the debtor filed for relief under Chapter 7 of the United States Bankruptcy Code.

2. Included in the Petition for Bankruptcy, and Schedule D, was a judgment entered on or about April 15, 2013, in favor of the United States Securities and Exchange Commission, arising out of lawsuit bearing index number 6:09-cv-1963-2, in and for the United States District Court in the Middle District of Florida, in an amount of approximately $250,000 and currently in excess of that amount based on accumulated interest. At this time, the Debtor is unsure of the total actual balance.

3. The above-referenced debt is not dischargeable as a consumer debt as it is considered a fine or penalty owed to a federal government agency.

4. Upon information and belief, to date, the only monies that have been paid to reduce the debt are an offset of federal tax refunds.

5. Debtor seeks and respectfully requests this court to declare this debt as presenting an undue hardship and find it impossible to repay, and therefore either issue Relief from the judgment by either vacating the judgment or declare the judgment enforceable as a result of impossibility to repay utilizing this Court's equitable powers.

6. Relief from a judgment can be granted under FRCP Rule 60(b) when either "(5) ... applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

7. In this case both subsections (5) and (6) satisfy the requirement to grant the debtor relief from the referenced judgment.

8. Since the judgment has been incurred, the debtor has been unable to obtain employment commensurate with his experience and education. In effect the debtor is a displaced worker who has suffered irreparable injury and harm. Throughout the preceding years, the debtor has had vehicles repossessed, is unable at times to meet the basic necessities of everyday living and has been saddled with health benefits costs amongst other expenses.

9. The debtor has four dependents (a wife and 3 children ages 17, 11, and 4).

10. Debtor has sought the assistance of family members to meet living expenses; and Debtor has still been unable to secure stable employment commensurate with his experience and education; and is unable to secure financing through various lending institutions for non-usurious interest rates.

11. Debtor has made attempts to improve the quality and opportunities for his family. For example, when one job with the Walt Disney Company was insufficient Debtor attempted to procure a second job, and successfully obtained one with Amazon.com, Inc.

12. Currently, the Debtor primarily works for Amazon, Inc. as a virtual customer service associate, at a $15 hour rate of pay. Debtor has decided to focus and obtain greater hours from Amazon service, as his previous full time employment at Disney proved to provide very little in terms of take home pay after health care and benefit expenses were deducted. Moreover, in terms of advancement Debtor sees greater opportunities with Amazon as opposed to Disney and in addition the hourly pay is greater.

13. In the last quarter of 2018, the Debtor went down to part-time at Disney, and all health benefits ceased at the end of the year, however, the employer still required Debtor to pay and cover cobra benefits coverage through the end of the 2018 year. To date the cobra benefit funds are still being recouped whenever the debtor works for Disney. Further, at this time, the debtor has secured state covered medical insurance for his dependents. Debtor wants to obtain gainful employment so that health benefits can be covered as an employment benefit without decreasing the take home pay to an amount less than $100 a week. In addition, debtor has obtained an MBA degree in business finance to facilitate greater opportunities.

14. However, none of this will be to any avail if relief from the above referenced judgment is not granted. First, the purpose of this motion is not to relitigate issues which have been decided or open new challenges to the sufficiency of evidence or any other legal challenges, except that the continued presence of this judgment causes extreme financial distress and undue hardship for the debtor for which the requested relief should be granted. The judgments presence

alone impacts the ability to obtain better employment because a simple google search will reveal the judgment and ancillary proceedings. While no one can delete information from the internet and search engines, the ability to affirmatively state "the situation with the judgment has been resolved" without further explanation can go a long way to assuage concerns prospective employers may have. Debtor is actively trying to take the necessary steps to improve financial conditions but the constant worry and stress caused by a judgement which there is no foreseeable way to pay or satisfy at this time or in the near future or far future, barring a lottery win, impedes the process.

15. In addition, attempts to collect on the debt through either tax refund offsets or wage garnishments create consistent worry and uncertainty. The attempt at wage garnishment indirectly caused pains with Debtor's employer. Moreover, the fear of tax refund offsets dramatically increase the timing or certainty of any tax refund for Debtor's spouse and the availability of financial security.

16. Notwithstanding the foregoing, Debtor believes the judgment has prevented his ability to obtain suitable employment commensurate with his experience and education, including the recently obtained MBA. Moreover, any employment Debtor obtains will never be able to sufficiently care for his family with this outstanding judgment. To ignore the issue does not make it go away, but to address the issue and vacate the judgment, recognize an undue hardship and impossibility to ever pay, can at least place the debtor in a position where financially he can begin to move his life forward.

17. The purpose of this bankruptcy filing is to place the debtor in a more sound financial position so that credit can be repaired, obligations can be met, and a family can be provided for.

18. The debtor is more than happy to discuss with the court through a hearing or otherwise the more detailed nature of these concerns, but the debtor implores this court to utilize its grand reservoir of equitable powers to do justice in this particular case and vacate the above referenced judgment

19. Extraordinary circumstances exist in this case under (5) and in addition the court can use its liberal equitable powers under (6). Rule 60, like all the Federal Rules of Civil Procedure, "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983) (internal citations omitted.). See also Federal Rule of Civil Procedure 1, "The Federal Rules should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

20. In the event this Court decides to refrain from exercising its discretion and equitable powers in resolving this issue, or determines that the requested relief is outside the powers of this Court to grant, the Debtor respectfully requests that this Court STAY the Bankruptcy proceeding and allow the Debtor the opportunity within a reasonable time frame to file a Motion under FRCP 60(B)(5) and (6) to the court of original instance, as there is no statutory time frame within which to file said motion, as the extraordinary circumstances surrounding the need to vacate this judgment and return to a position where a solid financial footing can be built upon is the ultimate goal of this action and proceeding.

**WHEREFORE**, the debtor respectfully requests this Court exercise its equitable powers to vacate the Securities and Exchange Commission judgement entered in favor of the United States Securities and Exchange Commission, arising out of lawsuit bearing index number 6:09-cv-1963-2, in and for the United States District Court in the Middle District of Florida under the

FRCP 60(b), or in the alternative STAY the instant Bankruptcy proceeding and allow the Debtor the opportunity within a reasonable time frame to file a Motion under FRCP 60(B)(5) and (6) to the court of original instance, or for such other and further relief as this Court deems just and proper.

Dated: March 28, 2019
      Winter Garden, Florida

                                      s/ Mark C Kaley

                                      Mark C Kaley
                                      Email: markckaley@gmail.com
                                      Pro Se
                                      14924 Gaulberry Run
                                      Winter Garden, Florida 34787
                                      Phone: 407-394-5881

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have furnished on 28th, March, 2019, an original of this Motion to to: The Clerk of Court, United States Bankruptcy Court, Middle District of Florida, George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100, Orlando, Florida 32801, and furnished a copy to C. Richardson White, Esq., Securities and Exchange Commission, 100 F Street NE, Washington DC, 20549, by depositing said copies with the United States Postal Service First Class Mail.

s/ Mark C Kaley

Mark C Kaley
Email: markckaley@gmail.com
Pro Se
14924 Gaulberry Run
Winter Garden, Florida 34787
Phone: 407-394-5881